**In the Matter of SEATRAIN LINES, INC., Debtor.**

**Bankruptcy No. 81 B 10311 (EJR).**

United States Bankruptcy Court, S. D. New York.

June 22, 1982.

Booth, Lipton & Lipton, New York City, pro se.

Nathan M. Fuchs, New York City, Branch Chief, for S. E. C.

Stroock & Stroock & Lavan, New York City, for debtor.

Harry Jones, New York City, for United States Trustee.

## BOOTH, LIPTON & LIPTON APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF DISBURSEMENTS

EDWARD J. RYAN, Bankruptcy Judge.

The firm of Booth, Lipton & Lipton ("Booth") was retained on December 23, 1980 on behalf of certain creditors [1] of Seatrain Lines, Inc. ("Seatrain") to prepare and file an involuntary petition for an order for relief under Chapter 11 of the Bankruptcy Code against Seatrain.

On February 11, 1981, Booth filed the involuntary petition against Seatrain and on the same day, Seatrain filed its consent to the entry of an order for relief.

On or about October 21, 1981, Booth filed an application seeking allowance in the amount of $37,500 for fees and $1,433.69 for reimbursement of disbursements in the Seatrain case.

Objections to Booth's application were subsequently filed by Seatrain, the Securities and Exchange Commission and the United States Trustee. Each of the objections contests Booth's application based on its request for an amount of compensation for services in excess of those performed.

Seatrain's objection asserts that Booth's application requests fees for services which are not compensable; that Booth is entitled to compensation only for services actually rendered in preparing and obtaining the entry of an order for relief. The United States Trustee objects to the amount requested in the application based on its belief that the $37,500 encompasses a "bonus" to which Booth is not entitled. The objection filed by the S. E. C. states, *inter alia*, that Booth may receive compensation only for those services actually rendered which relate to the filing of the involuntary petition.

Section 503(b)(4) of the Bankruptcy Code permits reasonable compensation for professional services rendered by attorneys on behalf of petitioning creditors. Under section 503(b)(3)(A) of the Code, compensation for the "actual and necessary expenses" incurred by a creditor who petitions under section 303 of the Code [2] may be permitted as an administrative expense. This section contemplates the recovery of the actual and necessary costs incident to the filing of an involuntary petition.[3]

Booth's application recites that it performed and expects to perform services apart from the preparation and filing of the involuntary petition. The post-petition activities mentioned in Booth's application include the preparation of its own fee application, which are not compensable services under the Bankruptcy Code.

Section 503(b)(3)(D) of the Code allows for the recoupment of the actual and necessary expenses incurred by creditors or their counsel who make substantial contributions in a reorganization case under Chapter 11. The post-petition activities for which Booth is seeking compensation are unsupported as conferring any benefit on the estate.

---

1. SAR Servizio Armatori Riuniti S.r.l. ("S.A. R.") of Genoa, Italy; Aldo Spinelli Trasparti E. Spedizioni ("Spinelli") of Genoa, and Agenzia Marittima Carlo Lariosa Livorno ("Laviosa") of Leghorn, Italy.

2. 11 U.S.C. § 303 governs the commencement of involuntary cases.

3. 3 Collier on Bankruptcy, ¶ 503.04 (15th ed.).

■ The United States Trustee makes a further point in its objection to the application. Booth's request for an allowance for services other than those relating to the involuntary petition, is premature. There are many unresolved problems in the case which make it impossible to ascertain whether Booth has made a substantial contribution to this case. Unless these services prove to be beneficial to the estate by the conclusion of the case, they remain non-compensable.

Only those hours during which services were actually rendered in connection with the preparation and filing of the creditors' involuntary petition may be used in determining the compensation to which Booth is due. The application may not anticipate future billable hours and thereby request compensation based on estimated time. *In re Meade Land & Development Co., Inc.*, 527 F.2d 280 (3d Cir. 1975).

■ Since it has not been established that Booth has made a substantial contribution in this case which benefits the estate through its post-petition activities, Booth may be compensation only to the extent of those services actually rendered which directly relate to the preparation and filing of the involuntary petition.

Settle an appropriate order.