## In re INTERSTATE UNITED ELECTRONIC SALES CO., Debtor(s).

### Bankruptcy No. 84-00878-BKC-TCB.

United States Bankruptcy Court, S.D. Florida.

Nov. 21, 1984.

John Koyzak, Miami, Fla., for Atari.

Fensterheim & Fensterheim, New York City, Martin Sandler, Miami, Fla., for debtor.

William Crenshaw, Miami, Fla., for Biscayne Bank.

Sidney J. Turner, White Plains, N.Y., for JVC.

Joseph Rebak, Miami, Fla., for creditor.

Louis Phillips, Miami, Fla., for JVC of America.

## ORDER FOR PARTIAL REFUND OF FEE PAID TO DEBTOR'S ATTORNEY

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor's attorney has recently withdrawn as the debtor's counsel. An unsecured creditor, Atari, has moved for review under 11 U.S.C. § 329 of the attorney's fee paid to the debtor's attorney. The matter was heard on November 19. Although Fensterheim & Fensterheim were employed initially in July, 1983 when they received a retainer of $10,000, their disclosure of compensation received and promised for services rendered or to be rendered in contemplation of and in connection with this chapter 11 case did not disclose that sum, but disclosed payment of $25,000 received during April and May, 1984. For that reason and because the motion which prompted this hearing refers solely to the $25,000, the entry of this order does not pass upon the reasonableness of the fee charged and received in 1983.

The debtor, a Miami merchant, was referred by Miami attorneys to the New York firm in 1983 for the purpose of negotiating a workout of the debt owed to a New York supplier, JVC, and a Miami bank. The effort (which is the basis for the retainer and charge of $10,000) was unsuccessful and a Sheriff's levy prompted the immediate filing of this voluntary petition 10 months later.

The New York firm contracted with and paid a Miami firm $137 to prepare the necessary papers and to file them, but did not recommend that this matter be turned over to local counsel for the prosecution of the chapter 11 case.

The firm's records reflect a total of 181 hours of attorneys' time spent between May 1 and September 30, 1984. This time was charged to the debtor corporation at the firm's customary billing rate (which varied from $110 to $200 per hour) in the total sum of $29,016 or an average hourly billing rate of $160. The foregoing time includes all travel time.

No plan was ever drafted or presented. No seriously contested matter was ever prepared or presented. A junior member flew down to be with the debtor at the creditors' meeting and a partner flew down for another hearing. In addition, one or more firm representatives made four other trips to Miami. Nothing was accomplished for the corporation and the estate received no benefit from the services of counsel other than the nominal service of commencing the bankruptcy.

The senior partner is well-qualified by experience and his associates are sufficiently qualified to handle the matters entrusted to them.

I find that reasonable compensation *from this debtor* for the services rendered by this firm totals $10,000. The debtor's principal personally guaranteed the corporate obligation. In addition, he controlled another corporation not in bankruptcy. Neither he nor the other corporation has been charged any fee. I find that a substantial part of the time spent and effort made by the firm was for these other clients. That charge cannot be justified as a reasonable expense for representation of this debtor. It is not possible from this firm's records to determine precisely where the line should be drawn in allocating this fee between these representations, but $10,000 represents a generous estimate of the value of the services performed for this debtor.

In this case the unsecured creditors will receive nothing. The objecting creditor, therefore, is disinterested insofar as this motion is concerned. Its attorney has estimated the value of the firm's services at $10,000 and that estimate has been joined by several other attorneys who have participated in this matter.

A litigant has a right, of course, to select any attorney he wishes. An attorney has an equal right to represent any client he wishes. If, however, a firm located 1,500 miles away from the situs of the bankrupt-

cy accepts representation, and if there is adequate representation available at the situs and no compelling need for this special counsel, the attorney cannot expect to be compensated at more than the prevailing rate for available, local counsel of comparable experience and ability. Nor can he expect to be compensated for travel. It is his responsibility to advise his client that only the reasonable expense of representation is authorized from the estate on the eve of bankruptcy. I have considered these circumstances in valuing the services received by this debtor in this representation. *Matter of Multiponics, Inc.,* 622 F.2d 731, 734 (5th Cir.1980).

I have also considered each of the other factors which must be considered in the evaluation of an attorney's fee in bankruptcy. *Matter of First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.1977), disregarding the principle of economy discussed in that case, but since rejected in the current Bankruptcy Reform Act of 1978. None of the factors which have not been mentioned above play any significant part in the assessment of this particular fee.

In addition, I find that this firm was entitled to reimbursement of $5,523 in expenses. I have disallowed postage and machine copies, because I consider those expenses a part of a firm's customary overhead in reviewing the reasonableness of the hourly charges made by the firm. I have permitted reimbursement of the travel expenses, although they are not itemized and they appear generous in view of the travel required and although I have already questioned the reasonableness of charging travel to this debtor. I have also approved the sum paid the Miami forwarding attorney as a reasonable charge for its services in preparing and filing the bankruptcy petition.

Subtracting the foregoing sum together with the $10,000 assessment of a reasonable fee for this firm's services, leaves $9,477 of the fee charged and collected which I consider to be excessive and unreasonable. The payment was received from the debtor's property and would have been property of this estate. Therefore, Fensterheim & Fensterheim are ordered forthwith to refund to the trustee the sum of $9,477.