In the Matter of RELIABLE INVESTORS CORPORATION, Debtor.

In re SOPARK CORPORATION, Debtor.

Bankruptcy Nos. MM11–84–01522, MM11–84–01523.

United States Bankruptcy Court, W.D. Wisconsin.

Dec. 7, 1984.

William A. Abbott, Bell, Metzner & Gierhart, S.C., Madison, Wis., for debtors.

James Baxter, III, Quarles & Brady, Milwaukee, Wis., for Marine Trust Co., N.A.

## DECISION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

Yesterday the debtors in these related cases moved jointly for an ex parte order preventing dissemination of a motion for conversion or appointment of trustee and supporting material brought on by the Marine Trust Company, N.A. ("Marine"). The debtors claim that Marine by its motion is soliciting rejections of a plan of reorganization without obtaining court approval of disclosures in the solicitation. There has been no plan of reorganization filed in this case.

11 U.S.C. § 1125(b) requires that prior to the solicitation of either acceptances or rejections of a plan the court must approve a disclosure statement. The section states:

An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. The court may approve a disclosure statement without a

valuation of the debtor or an appraisal of the debtor's assets.

The motion of Marine Trust Company, N.A. states in its entirety:

The Marine Trust Company, N.A. (the "Indenture Trustee"), by its attorneys, as Indenture Trustee for debentureholders (the "Debentureholders") under a trust indenture dated December 1, 1976 (the "Indenture") relating to 9½% Subordinated Debentures issued by Reliable Investors Corporation ("RIC") and as a secured creditor of RIC and SoPark Corporation ("SoPark"), hereby moves the Court as follows:

1. For an order converting the RIC and SoPark cases to chapter 7 pursuant to section 1112(b) of the Bankruptcy Code on the grounds that (a) RIC and SoPark filed their Chapter 11 petitions in bad faith, (b) there is continuing loss to the estates and no reasonable likelihood of rehabilitation of the debtors, (c) RIC and SoPark are unable to effectuate a plan, and (d) continuation of the cases in chapter 11 has and will continue to create unreasonable delay that is prejudicial to creditors;

2. For an order authorizing the chapter 7 trustee of RIC and of SoPark to operate the businesses of RIC and SoPark pursuant to section 721 of the Bankruptcy Code until the assets of the debtors can be sold;

3. In the alternative, for an order appointing a trustee in the RIC and SoPark cases pursuant to section 1104(a) of the Bankruptcy Code (a) for cause, including incompetence and gross mismanagement of the affairs of RIC and SoPark by current management and (b) because such appointment is in the interests of creditors and equity security holders; and

4. For an order requiring joint administration of the RIC and SoPark cases pursuant to Bankruptcy Rule 1015(b).

This Court has jurisdiction of this proceeding pursuant to sections 1334(b) and 157(b) and title 28, United States Code, and sections 721, 1104 and 1112 of the

Bankruptcy Code (title 11, United States Code).

This motion is based on the affidavits of Thomas D. Wiers, Theodore F. Gunkel and Charles Meyers and the Indenture Trustee's brief in support of its motion. Copies of the affidavits and the brief are on file with the court and may be requested from Molly K. Martin, Quarles & Brady, P.O. Box 2113, Madison, Wisconsin 53701.

It is apparent from the words of the motion that no reference is made to a specific plan. Nor in fact could reference be made to a specific plan since no plan has been filed with the court. Section 1125(b) requires that a plan or summary of a plan be distributed with or prior to any solicitation. To suggest that dissemination of motion papers in the absence of a plan is a solicitation would foreclose the bringing of motions which are otherwise authorized by the statute. The debtors' claim must therefore be viewed solely as a motion to generally limit the expression of views by a party in interest to this bankruptcy case where those views are negative to the desires or perceptions of the debtor.

■ No reason has been suggested nor can one be imagined why the Marine could be, or should be, precluded from filing its motion. Assigning, as we must under a proper statutory construction, independent significance to each of the sections of the Bankruptcy Code, the motions under 11 U.S.C. § 1104 for the appointment of a trustee and under 11 U.S.C. § 1112 for conversion of the case to chapter 7 are authorized. A motion once filed becomes a part of the court record. 11 U.S.C. § 107 provides for public access to papers in the court record stating:

(a) Except as provided in subsection (b) of this section, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

(2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

There is no contention, nor could such a contention be supported that the motion and papers here in question fall within either of the exceptions set forth in section 107(b). As there is public access to the papers on file with the court it would follow that to limit the dissemination of those papers would be to infringe the rights to free speech guaranteed under the First Amendment of the United States Constitution. More simply, it can be observed that were the motion of Marine filed instead by a creditors' committee in this case, there would be no basis for denying the circulation of the moving papers to the creditors represented by the committee. Marine, as an indenture trustee, has certain duties which may well include informing the holders of debentures which form the subject of its trust.

■ Although I have found no case addressing the precise issue of the debtors' motion, and I have been directed to none, the United States Bankruptcy Appellate Panel of the Ninth Circuit considering an analogous problem arising under Bankruptcy Rule 1007(j) (previously Interim Rule 1007(i)) made clear that the right to impound lists of creditors or security holders, although available for cause shown, is not available for general causes, or because the reorganization would run more smoothly without outside interference. *In Re Itel Corporation*, 17 B.R. 942 (B.A.P. 9th Cir. 1982). In the *Itel* case the risk alleged was that the list of debenture holders "might be used for improper purposes or might result in the solicitation of debenture holders for purposes not authorized." 17 B.R. at 943. That general concern is not unlike the concern of the debtors in this case that their opportunity to present a plan at some time

in the future be free of any negative inferences drawn by creditors from reviewing the motion of Marine. I can find neither that Marine's motion is a solicitation of a rejection of a plan (particularly in the absence of any such plan) nor that there is any equitable basis on which the creditor's access to public records in this bankruptcy case should be limited as requested by the debtors.

For the reasons set forth herein, the motion is hereby denied.