### In re John Edward HENNING and Marilyn Joyce Henning, d/b/a Farmers, Debtors.

### Bankruptcy No. 183–00100.

United States Bankruptcy Court, D. South Dakota.

Aug. 29, 1985.

---

Frank E. Stepnowski, for movant.

William L. Needler & Associates, Ltd., Chicago, Ill., for debtors, John Edward Henning and Marilyn Joyce Henning, d/b/a Farmers.

Andrew J. Schmid, Minneapolis, Minn., for respondent United States Trustee William P. Westphal, Sr.

Greg L. Peterson, Aberdeen, S.D., for respondent Intern. Harvester Credit Corp.

Roy A. Wise, Aberdeen, S.D., for respondent Creditors' Committee for the Bankruptcy Estate of John Edward Henning and Marilyn Joyce Henning, d/b/a Farmers.

R.D. Miller, Aberdeen, S.D., for respondent First Bank of South Dakota (National Association), formerly First Bank (N.A.) Aberdeen, Aberdeen, South Dakota.

## MEMORANDUM DECISION AND ORDER

PEDER K. ECKER, Bankruptcy Judge.

This matter is before the Court on objections filed by the United States Trustee and by various creditors to the final fee application of William L. Needler & Associates, Ltd., attorneys for the debtors, John and Marilyn Henning. A hearing was held on August 12, 1985, in Aberdeen, South Dakota. After hearing testimony and the arguments of counsel, the Court took the matter under advisement.

After careful consideration of all the files, objections, testimony, and arguments of counsel, the Court will reduce the hourly rate charged by the debtors' attorneys as follows:

1. The fees of William L. Needler will be limited to a charge of $100.00 per hour;

2. The fees of Associate Jeffrey P. White will be limited to a charge of $75.00 per hour;

3. The fees of Associate R. Scott Alsterda will be limited to a charge of $65.00 per hour; and

4. The fees of Associate Nicholis J. Stein will be limited to a charge of $65.00 per hour.

In reducing the hourly rates charged by William L. Needler & Associates, Ltd., the Court took into consideration the complexi-

ty of the case and the attorneys'´ experience. The Court will also adopt the reasoning advanced by the Bankruptcy Court for the Southern District of Florida in *In re Interstate United Electronic Sales Co.*, 44 B.R. 784, 11 C.B.C.2d 1179 (Bkrtcy.S.D.Fla. 1984). In that case, the Court stated:

> A litigant has a right, of course, to select any attorney he wishes. An attorney has an equal right to represent any client he wishes. If, however, a firm located 1,500 miles away from the situs of the bankruptcy accepts representation, and if there is adequate representation available at the situs and no compelling need for this special counsel, the attorney cannot expect to be compensated at more than the prevailing rate for available, local counsel of comparable experience and ability. Nor can he expect to be compensated for travel. It is his responsibility to advise his client that only the reasonable expense of representation is authorized from the estate on the eve of bankruptcy.

*Id.* 785, 11 C.B.C.2d at 1181.

In the instant case, the Court heard testimony from William J. Pfeiffer, a local Aberdeen attorney, licensed since 1966 and with ten years' bankruptcy experience, who has handled a large number of Chapter 11 and Chapter 13 reorganizations for farmers in South Dakota, Colorado, and North Dakota. Mr. Pfeiffer testified that he has had twenty-five Chapter 11 plans confirmed and that he has approximately sixty Chapter 11 cases now in progress in South Dakota. He stated that he customarily charges from $4,500.00 to $14,000.00 for handling a Chapter 11 case through confirmation of a plan. An average case, he said, takes about eighteen months and includes litigation of cash collateral motions, motions for relief from stay and to dismiss the case, and an 11 U.S.C. § 506 valuation hearing. The highest fee Mr. Pfeiffer has received was $26,000.00 for a Chapter 11 that involved twenty-seven adversary actions and took three years from filing to

confirmation. Taking this testimony into account, the fees requested by the debtors' attorneys in this case are clearly excessive absent a showing of uniqueness or the inability to hire local counsel with appropriate expertise.

 After reducing the hourly rate, the Court will also reduce the total amount to be paid by twenty-five per cent (25%) for several reasons. First, the time and expense involved in proceedings to transfer realty back to the estate were needless, and the proceedings consumed an inordinate amount of time. Second, the duplicity in hours charged for consultations between staff attorneys is unwarranted. Creditors should not be saddled with such a billing practice. Third, although there were numerous problems and much time was spent negotiating valuations, no Section 506 hearing was held. Fourth, time charged for travel between Chicago and South Dakota, although billed at half the rate charged for other work hours, is unwarranted for the reasons set forth by the Florida court in *In re Interstate United Electronic Sales Co.*, 44 B.R. 784, 11 C.B.C.2d 1179, previously cited by the Court. Fifth, two motions to dismiss by creditors, with joinders by other creditors, were filed for lack of performance by the attorneys for the debtors. Finally, the arguments by Mr. Stepnowski for the Needler firm concerning the difficulty in handling farming reorganizations were unpersuasive. If anything, they underscore the availability of appropriate legal expertise in the local South Dakota bankruptcy district. Approximately half of those filing for reorganization in South Dakota in 1983 and 1984 were farmers.

In conclusion, the total fees, after hourly reductions and the twenty-five per cent (25%) total reduction, will be approved in the amount of Ten Thousand Nine Hundred Nineteen and 70/100's Dollars ($10,919.70).

Therefore, based on the foregoing Memorandum Decision, it is ORDERED that the following fees are hereby approved:

WILLIAM L. NEEDLER
82.05 hrs. at $100/hr.
(Reduced from $150/hr.) . . . . . . . . . . . . . . . . . . . . . . . . . $ 8,205.00

JEFFREY P. WHITE
17.10 hrs. at $75/hr.
(Reduced from $100/hr.) .......................... $ 1,282.50

R. SCOTT ALSTERDA
9.25 hrs. at $65/hr.
(9 hrs. reduced from $85/hr.) ...................... $ 601.25

NICHOLIS J. STEIN
20.20 hrs. at $65/hr. ............................ $ 1,313.00

| | | |
|---|---|---|
| SUBTOTAL | ................ | $11,401.75 |
| LESS 25% | ................ | − $ 2,850.44 |
| TOTAL | ................ | $ 8,551.31 |
| PLUS DISBURSEMENTS ................ $ 2,308.54 | | |
| PLUS PARALEGALS ................ $ 59.85 | | |
| | | + $ 2,368.39 |
| TOTAL FEES ALLOWED | ................ | $10,919.70 |
| LESS CREDIT FOR PRE–PETITION MONEYS PAID | ................ | − $ 8,525.00 |
| TOTAL NOW DUE | ................ | $ 2,394.70 |