**In re Richard G. PAOLINO and Elaine M. Paolino, Debtors.**

**Bankruptcy No. 85–00759G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 2, 1985.

Kenneth F. Carobus, Morris & Adelman, Philadelphia, Pa. for petitioning creditors.

Myron Bloom, Adelman Lavine Krasny Gold & Levin, Philadelphia, Pa., for Union Nat. Bank and Trust Co.

Nathan B. Feinstein, Dominic S. Liberi, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, Pa., for debtors, Richard G. Paolino and Elaine M. Paolino.

William M. Shields, Philadelphia, Pa., for Flehr Group, one of petitioning creditors.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The focus of our inquiry into the case before us is whether we should appoint a trustee in a chapter 11 reorganization under 11 U.S.C. § 1104(a)(1) or (a)(2). After consideration of the applicable legal standards and the facts before us, we conclude that the appointment of a trustee is warranted under § 1104(a)(1).

We find the facts of this case to be as follows:[1] The husband-debtor is a doctor of medicine who owns and operates a medical facility which generates for the doctor an annual income of approximately $550,-000.00. From this income the debtors purchased, several years ago, numerous rental properties as well as a former schoolhouse which they hoped to convert into a medical treatment center. The schoolhouse was purchased in late 1982 for $1,300,000.00 with part of a two year loan of $1,750,-000.00 which was advanced by an affiliate of Union National Bank and Trust Company ("the Union") which is one of the movants for the appointment of a trustee. The balance of the loan was consumed by settlement costs, architectural fees and sundry expenses. Within a few months the debtors unsuccessfully sought a $250,-000.00 line of credit from the Union to continue work on the schoolhouse. The debtors' expectations of refinancing the $1,750,000.00 with a bond issue fizzled and prospects of the timely repayment of the loan looked dim.

In the early part of 1983 the debtors systematically shifted funds among their half a dozen checking accounts with the deceitful design of withdrawing uncollected funds which is known in the vernacular as "check kiting." In a 24 hour period in March of 1983, checks with a face value of nearly half a million dollars were returned to the debtor due to insufficient funds and on that fateful day the kite became an albatross. The debtors passed the checks knowing that their account funds were in-

adequate to cover the checks. The Union, being one of the banks most harmed by the scheme, prevailed in an action in state court for the appointment of a receiver. The receiver directed the debtors to pay all necessary expenses for the operation of the husband-debtor's medical practice but directed the turnover of any remaining funds to the receiver. From this mandate the debtors significantly deviated by making numerous mortgage payments during the receivership. The debtors were also derelict in failing to submit to the receiver the obligatory periodic operating reports. After the debtors' unsanctioned lapse in reporting, the receiver was obliged to resort to judicial intervention to rectify the deficiency. The reports that were filed, were inadequate and failed to portray accurately the debtors' financial transactions.

In March of 1985 several creditors filed an involuntary petition for reorganization against the debtors under chapter 11 of the Bankruptcy Code. Two and a half months later, an order for relief was entered and the debtors were thereby dutybound to file monthly operating reports with the court. No reports have been filed during that four month interval. Along with the Union the petitioning creditors have also moved for the appointment of a trustee.

The Code provides for the appointment of a trustee in a chapter 11 case in the following language:

§ 1104. Appointment of trustee or examiner

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court shall order the appointment of a trustee—

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a). The statutory language of § 1104(a)(1) authorizes the appointment of a trustee for certain acts by current management which are committed *before* or *after* the filing of the petition. § 1104(a)(1). Under this provision the petitioning creditors have sought the appointment of a trustee under § 1104(a)(2) while the Union seeks such relief under § 1104(a)(1).

■ The legislative history reveals that Congress intended that the case law "flesh out" the bare language of § 1104(a) and "defin[e] the circumstances in which a trustee should be appointed." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 234 (1977), reprinted in 1978 U.S.Code Cong. & Admin. News 5787, 6193. Nonetheless, there is a "strong" presumption against the appointment of a chapter 11 trustee. *In Re Harlow*, 34 B.R. 668 (Bankr.E.D.Pa.1983). This is construed as requiring that factual averments under § 1104(a) be proved by "clear and convincing evidence" rather than by the more common standard of a "preponderence of the evidence." *In Re General Oil Distributors, Inc.*, 42 B.R. 402 (Bankr.E.D.N.Y.1984).

■ As debtors in possession, the debtors are fiduciaries holding estate property for the benefit of their creditors. *In Re Modern Office Supply, Inc.*, 28 B.R. 943, 944 (Bankr.W.D.Okla.1983); *In Re Martin Custom Made Tires Corp.*, 108 F.2d 172, 173 (2d Cir.1939). As stated by the United States Court of Appeals for the Third Circuit: "There is no more fundamental duty imposed on those who hold property for others than that of rendering an account of its management." *In Re*

*Pittsburgh Rys. Co.*, 117 F.2d 1007, 1008 (3d Cir.1941). Citing *Pittsburgh Rys. Co.*, one bankruptcy court has stated, "Perhaps one of the most important functions of a debtor in possession is to keep its creditors and the Court informed on the status of the business undergoing reorganization." *Modern Office Supply*, 28 B.R. at 944; *Devers v. Bank of Sheridan, Montana*, 759 F.2d 751, 754 (9th Cir.1985). Due to the importance of this duty courts have held that when current management has failed to keep accurate financial records prior to the filing of the petition or has failed to file with the court the requisite operating statements after the filing of the petition, cause for the appointment of a trustee under § 1104(a)(1) is present. *In Re Anchorage Boat Sales, Inc.*, 4 B.R. 635, 645 (Bankr.E.D.N.Y.1980); *In Re Philadelphia Athletic Club, Inc.*, 15 B.R. 60, 64 (Bankr.E.D.Pa.1981); *In Re Ford*, 36 B.R. 501, 504 (Bankr.W.D.Ky.1983); *In Re Hotel Associates, Inc.*, 3 B.R. 343, 345 (Bankr. E.D.Pa.1980) (inadequate books are a basis for the appointment of a trustee under *§ 1104(a)(2)* rather than under *§ 1104(a)(1)*). Applying this law to the facts of this case, we conclude that the appointment of a trustee in the instant case is justified under § 1104(a)(1) since the debtors failed to file adequate financial reports with the state court receiver prior to the filing of the chapter 11 petition and have also failed to file any postpetition financial reports with this court.

■ As an alternative and independent basis for our decision in this case, that the debtors' check kiting scheme warrants the appointment of a trustee since such conduct constitutes fraud. *In Re McCordi*, 6 B.R. 172 (Bankr.S.D.N.Y.1980). The elements of fraud under Pennsylvania common law include "a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or refrain from acting thereon" to his detriment. *Neuman v. Corn Exchange National Bank & Trust Co.*, 356 Pa. 442, 450, 51 A.2d 759 (1947), *quoted in Seligson v. Plum Tree, Inc.*, 361 F.Supp. 748, 756 (E.D.

Pa.1973); *In Re F.A. Potts & Co., Inc.,* 20 B.R. 3, 5 (Bankr.E.D.Pa.1981). In the case at bench, each of the elements of fraud is manifest in the debtors' check kiting scheme. The bad checks were passed by the debtors with full knowledge that the respective accounts had insufficient funds to cover the checks, and such checks were presented with the intent and purpose of deceiving creditors.

On the basis of the debtors' check kiting scheme and their failure to provide adequate financial documentation we will appoint a trustee under § 1104(a)(1). This result precludes the need for any analysis under § 1104(a)(2).