In the Matter of **COMBINED CROFT CORPORATION, Debtor.**

**Roger Allen Croft, Debtor.**

**Bankruptcy Nos. MM11–84–02052, MM11–84–02053.**

United States Bankruptcy Court, W.D. Wisconsin.

March 17, 1986.

Mark Bromley, Kinney, Urban, Schrader, Bromley & Kussmaul, Lancaster, Wis., for debtors.

Jeffrey P. White, Law Offices of Jeffrey P. White, P.C., Chicago, Ill., for debtors.

as prescribed in these rules or by an independent action.

Fed.R.Civ.P. 60.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

A final application for compensation under section 331 of the Bankruptcy Code was filed by The Law Offices of Jeffrey P. White, P.C. ("White") for services to the debtors in these combined chapter 11 cases. White withdrew from the cases on September 3, 1985. The debtors' current attorneys, Kinney, Urban, Schrader, Bromley & Kussmaul have asked the court to review the White application and to order the refund of any amounts charged and received which exceed the reasonable value of the services rendered.

White was approved as the debtors' attorney on October 30, 1984. A total of $18,197.80 is sought for attorneys' fees on services rendered from October 17, 1984, through September 4, 1985, and $1,311.45 is sought for reimbursement of expenses. The firm received a $7,500.00 retainer, but has apparently received no other payments.

The following is a breakdown of fees sought by White:

| ATTORNEY | BILLED HOURS | RATE/HOUR | TOTAL AMOUNT |
|---|---|---|---|
| Jeffrey White (pre-petition) | .45 | 600.00 [1] | $ 450.00 |
| Jeffrey White | 47.15 | 100.00 | 4,715.00 |
| Matthew Gerdisch | 41.36 | 80.00 | 3,308.80 |
| Donald Johnson | 113.50 | 80.00 | 9,080.00 |
| Paul Kenkel | .30 | 80.00 | 24.00 |
| Carla Amato | 7.70 | 80.00 | 616.00 |
| Daniel Flynn [2] | .10 | 40.00 | 4.00 |
| TOTAL HOURS AND FEES | 210.56 | | $18,197.80 |

The following is a summary of the expenses for which reimbursement is sought:

| | |
|---|---|
| travel | $ 707.18 |
| shipping and mail | 150.74 |
| UCC search | 54.00 |
| 2,327 photocopies @ 0.172 | 399.53 [3] |
| TOTAL | $1,311.45 |

The standard for determining attorney fees in bankruptcy cases is found in section 330 of the Code which provides in relevant part:

(a) After notice and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a). The legislative history indicates:

Section 330 authorizes the court to award compensation for services and reimburse-

1. *See* footnote 4, *infra.*

2. Mr. Flynn presumably is a law clerk or paralegal.

3. Both the rate charged and the total sought for copies is an estimate arrived at by deducting the other listed expenses from the total expenses requested and dividing the resulting balance ($399.53) by the number of copies listed on the firms' "miscellaneous expenses" list. There appears to be no other supporting itemization.

ment of expenses of officers of the estate, and other professionals. The compensation is to be reasonable, for economy in administration is the basic objective. Compensation is to be for actual necessary services, based on the time spent, the nature, the extent and the value of the services rendered, and the cost of comparable services in nonbankruptcy cases....

... An allowance is the result of a balance struck between moderation in the interest of the estate and its security holders and the need to be 'generous enough to encourage' lawyers and others to render the necessary and exacting services that bankruptcy cases often require.

Senate Report No. 95–989, 95th Cong.2d, Sess. 40–41 (1978) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5826, 5827, 3 *App. Collier on Bankruptcy* (15th ed. 1985).

Many courts have adopted the following criteria in evaluating claims for attorney's fees:

1. The time and labor required.
2. The novelty and difficulty of the question.
3. The skill required to perform the legal services properly.
4. The preclusion of other employment by the acceptance of this employment.
5. The customary fee.
6. Whether the fee is fixed or contingent.
7. Time limitations imposed by the client or other circumstances.
8. The amount involved and the results obtained.
9. The experience, reputation and ability of the attorney.
10. The undesirability of the case.
11. The nature and length of the professional relationship with the client.
12. Awards in similar cases.

*See In Re Reliable Investors Corp.*, 44 B.R. 904 (Bankr.W.D.Wis.1986); *In Re Ro-* *sen*, 25 B.R. 81, 86 (Bankr.D.S.C.1982). *See also Hensley v. Eckerhart*, 461 U.S. 424, 430, n. 3, 434, n. 9, 103 S.Ct. 1933, 1937, n. 3, 1940, n. 9, 76 L.Ed.2d 40 (1983) (citing the above factors with approval).

As with all priority claimants an applicant for attorneys' fees in a bankruptcy case bears the burden of proving the necessity and reasonableness of the charges sought. *In Re Rosen, supra* at 86; *In Re Hamilton Hardware Co., Inc.*, 11 B.R. 326, 329 (Bankr.E.D.Mich.1981). *See generally In Re O.P.M. Leasing Services, Inc.*, 23 B.R. 104, 121 (Bankr.S.D.N.Y.1982). The burden in this case is heavy since little if any progress toward reorganization was achieved during the period of White's representation and any recovery by White will necessarily be at the expense of other creditors in the case.

One important factor to be considered is "the amount involved and the results obtained." In this case, the reorganization attempt appears to have been futile from the start and has almost certainly imposed a heavy cost on both the secured and unsecured creditors who would have benefitted from a prompt liquidation of the estate. After a lengthy and unsuccessful reorganization attempt the debtors' situation was so grim that debtors' counsel stipulated to relief from the automatic stay so that Production Credit Association, a principal creditor herein, could take steps to liquidate the debtors' livestock. At that time however, and despite the large amounts of cash collateral used previously, debtors' sought to recover the costs of their hog operation as administrative expenses under section 506(c) of the Code. This court rejected the debtors' motion as meritless in a memorandum decision dated September 27, 1985 (*In Re Combined Crofts Corp.*, 54 B.R. 294 (Bankr.W.D.Wis.1985) ).

Even if the debtors' reorganization had not ultimately ended in failure, the fees sought by White would be subject to intense scrutiny. An examination of the record shows that these cases present neither unusual difficulties (other than the debtors' hopeless financial position) nor

novel questions of fact or law. These cases are in fact quite uncomplicated compared to many farm chapter 11 cases. It is in this light that the White's $18,197.80 compensation request must be considered.

Although a line by line analysis of this fee request could be set out in this memorandum, concern for the reader dictates a somewhat shorter summary, based on my careful examination of each entry of the supporting schedules. First, the firm's request for $450.00 for .45 hours of pre-petition discussion with the client should be denied altogether because of its palpable excessiveness.[4]

Second, there are at least ten line entries for travel time on eight separate dates by various attorneys, apparently billed at the normal hourly rates specified previously in this memorandum. These line entries total fifty-two hours, and at the rates specified amount to $4,600.00. Thus travel time amounts to more than one-fourth the total amount of fees sought. The firm can make no claim to having brought any special expertise to these cases, such as would justify obtaining attorney services not readily available nearer the debtors' residence. It must be assumed that the debtors could have selected from a variety of experienced local bankruptcy attorneys who could have provided highly competent services at rates favorably comparable to those charged by White. Thus, I must find that the "travel time" sought herein is not a "reasonably necessary" expense but is rather an item of additional overhead voluntarily incurred by the firm in order to obtain out of state business.

The remaining line entries have been reviewed and adjusted, where necessary to eliminate overbilling for *inter alia*: excessive time spent for the activity billed; administrative matters billed at professional rates; line entries too vaguely worded to meet the specificity implicitly required by the "reasonably necessary" standard; apparent duplication of attorney effort includ-

ing excessive review of files and other attorneys' work product; line entries containing multiple activities which do not show the time spent on each activity; and excessive "conferencing" by phone or otherwise. The total reasonable attorneys' fee allowable to White in this case is $9,250.00, of which $7,500.00 has been paid by retainer.

An analysis of the reimbursements sought likewise reveals that adjustments are in order. The apparent rate of 17.2 cents per copy is far too high. A rate of 5¢ per copy is the most that should be allowed on the facts of this case. *See In Re Rego Crescent Corp.*, 37 B.R. 1000, 1009 (Bankr. E.D.N.Y.1984). It is inappropriate to allow full reimbursement for travel expenses for the same reasons discussed above concerning travel time billing. The total reasonable reimbursable expense allowable to White in this case is $525.00.

---

**4.** It is possible that this amount is an erroneous entry or includes $400.00 in filing fees for the two cases. However, in the absence of any other explanation than is contained in the entry, there seems to be no alternative but to deny compensation for this entry.