**In re Edward S. HONDA and LaVern H. Honda, Debtors.**

**Bankruptcy No. 87–00165.**

United States Bankruptcy Court, D. Hawaii.

Oct. 5, 1989.

See also, Bkrtcy., 106 B.R. 204.

Ted Pettit, Honolulu, Hawaii, for debtors.

Charles H. Witherwax, Honolulu, Hawaii, for creditor.

## FINDING OF FACTS; CONCLUSION OF LAW; AND ORDER RE: MOTION FOR SANCTIONS

JON J. CHINEN, Bankruptcy Judge.

### FINDING OF FACTS

On March 2, 1987, Edward S. Honda and LaVern H. Honda (herein jointly referred to as "Debtors") filed their Voluntary Petition Under Chapter Eleven. The Notice of Section 341 Meeting and Certificate of Mailing was filed on March 3, 1987, which noticed the established claim bar date as July 8, 1987. On March 11, 1987, the Certificate of Service Re: Order for Meeting of Creditors was filed and did not show that Industrial Indemnity Company ("Industrial Indemnity") received a copy of the notice.

On January 23, 1989, Industrial Indemnity filed its proof of claim in the amount of $55,966.12 against the Debtors. On May 18, 1989, Debtors filed their Objection to Allowance of Claim by Industrial Indemnity Company ("Objection"), which sought the disallowance of Industrial Indemnity's proof of claim on grounds that it was time-barred.

At a hearing held on June 20, 1989, this Court continued the hearing on the Objection and orally ordered the parties to ascertain when Industrial Indemnity first became aware of the instant bankruptcy case. In conjunction with the Court's instruction, Debtors served Industrial Indemnity with their Notice instruction, Debtors served Industrial Indemnity with their Notice of Taking Deposition Upon Written Interrogatories ("Notice of Deposition") as evidenced by the Debtors' Certificate of Service filed herein on June 27, 1989. The Notice of Deposition indicated that a deposition upon written interrogatories would be conducted on July 3, 1989. A copy of the Interrogatories attached to the Notice of Deposition was directed to the Custodian of Records or an employee of Industrial Indemnity in charge of the records.

Upon Debtors' request, this Court issued a Subpoena Duces Tecum directed to the Custodian of Records of Industrial Indemnity on June 27, 1989. The Subpoena Duces Tecum requested that documents relating to Edward S. Honda and his relationship with Builders' Products Corporation or with Industrial Indemnity be produced to Debtors on July 3, 1989. The Subpoena Duces Tecum was served upon Industrial Indemnity on June 29, 1989 as indicated by the Return of Service filed herein on July 6, 1989. By letter dated June 30, 1989 addressed to Debtors' attorney, Industrial Indemnity stated its objection to the Notice of Deposition and the scope of the Subpoena Duces Tecum.

On July 11, 1989, Debtors served upon Industrial Indemnity their First Amended

Debtors' Notice of Taking Deposition Upon Written Interrogatories, which rescheduled the deposition to July 13, 1989. The Interrogatories attached to the Amended Notice of Deposition was again directed to the Custodian of Records or an employee of Industrial Indemnity in charge of the records. There was no record of Industrial Indemnity objecting to the First Amended Notice of Deposition.

On July 13, 1989, Daniel J.Y. Pyun, Esq., attorney for Industrial Indemnity, delivered to Debtors certain documents pursuant to the Subpoena Duces Tecum at the specified time and location.

On July 14, 1989, Debtors filed their Motion for Discovery Sanctions and Disallowance of Claim by Industrial Indemnity Company ("Motion for Sanctions"). Debtors alleged that Industrial Indemnity has (1) failed to appear at Debtors' deposition upon written interrogatories or otherwise answer said interrogatories despite proper notice and service upon Industrial and the attorney for Industrial Indemnity; (2) Industrial Indemnity failed to respond to a properly issued and served subpoena duces tecum; (3) counsel for Industrial Indemnity has engaged in delaying and evasive tactics intended to interfere with Debtors' discovery on this issue and others; and (4) Industrial Indemnity has intentionally and wilfully disregarded this Court's order and subpoena by its discovery failure and has prejudiced Debtors.

On July 26, 1989, Industrial Indemnity filed its Memorandum in Opposition to Motion for Discovery Sanctions and Disallowance of Claim by Industrial Indemnity Company. In its memorandum, Industrial Indemnity claimed that the Debtors' Motion for Sanction is frivolous and argued that it should be entitled to attorney's fees incurred for responding to the Debtors' Motion for Sanctions. Motion for Sanctions at which time it took the matter under advisement.

## CONCLUSION OF LAW

Regarding the notice of taking deposition upon written interrogatories, the principle issue is whether sanctions are available to the Debtors for Industrial Indemnity's failure to appear and testify at the scheduled deposition.

Whenever there is an actual dispute in a bankruptcy case which requires litigation in order to resolve the contested matter, Bankruptcy Rule 9014 allows for the application of various adversarial rules including Bankruptcy Rule 7031. The instant case involves a controversy as to the validity of Industrial Indemnity's tardy proof of claim. In order to resolve this matter, litigation will be required.

Deposition upon written questions is covered under Bankruptcy Rule 7031 which applies Fed.R.Civ.P. 31. Fed.R.Civ.P. 31 states that any party may take the testimony of any person by deposition upon written questions. Generally, a person may be compelled to appear and testify at a deposition through the issuance of a subpoena. Fed.R.Civ.P. 31(a). However, although not expressly annunciated by the Federal Rules of Civil Procedure, a subpoena may not be necessary to compel the attendance of a witness at the taking of a deposition. Wright and Miller, *Federal Practice and Procedure: Civil,* Section 2133. The notice for taking deposition is sufficient to compel the attendance of a witness who is a party to the action. *Farquhar v. Shelden,* 116 F.R.D. 70 (E.D.Mich.1987); *Continental Federal Savings and Loan Ass'n. v. Delta Corp.,* 71 F.R.D. 697 (W.D.Okla. 1976); *Collins v. Wayland,* 139 F.2d 677 (9th Cir.1944), *cert. denied,* 322 U.S. 744, 64 S.Ct. 1151, 88 L.Ed. 1576 (1944).

However, a party is not totally without recourse to avoid the notice of taking deposition upon written questions. Pursuant to Rule 26(c), a party may file a motion with the court for a protective order which allows that party to avoid the notice. Fed. R.Civ.P. 26(c). Without such an order, a party is compelled to honor the notice of taking deposition upon written questions. Failure of a party to attend without first obtaining a protective order will subject that party to sanctions under Rule 37(d).

Rule 37(d) provides that:

[I]f a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Fed.R.Civ.P. 37(d).

No prior court order compelling discovery is necessary to implement Rule 37(d). It is sufficient that a notice of taking of deposition was properly served upon a party to the action. *Guidry v. Continental Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981), *cert. denied*, 454 U.S. 818, 102 S.Ct. 96, 70 L.Ed.2d 87 (1981). As part of a Rule 37(d) sanction, the court may require the party that fails to appear at a deposition to pay reasonable expenses, including attorney's fees and costs, "unless the court finds that failure was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d).

■ In the instant case, Debtors did in fact serve upon Industrial Indemnity its Notice of Deposition and its First Amended Notice of Deposition. As parties to a contested matter, Debtors' notices are sufficient to compel Industrial Indemnity to appear and testify at the deposition upon written interrogatories. However, Industrial Indemnity, without first obtaining a protective order, chose not to designate an officer, director, or managing agent to appear on its behalf. The Statement of Daniel J.Y. Pyun taken on July 13, 1989, pursuant to the First Amended Debtors' Notice of Deposition, sets forth the fact that a witness for Industrial Indemnity was not going to attend the deposition. Only a protective order pursuant to Rule 26(c) can excuse Industrial Indemnity for failing to appear. The Court's files and record do not indicate that Industrial Indemnity obtained such an order. Industrial Indemnity's letter of June 30, 1989 objecting to the deposition is not a proper method to excuse itself from appearing at the deposition.

Industrial Indemnity's failure to first obtain a protective order to avoid the notices of taking deposition compels this Court to grant sanctions against Industrial Indemnity relating to its noncompliance with the Debtors' Notice of Taking Deposition Upon Written Interrogatories and the subsequent First Amended Debtors' Notice of Taking Deposition Upon Written Interrogatories. Industrial Indemnity will be ordered to pay reasonable expenses, including attorney fees and costs, incurred by Debtors for work relating to the deposition and for bringing forth the Motion for Sanctions. The Debtors is required to file the appropriate application for fees and costs with this Court, and the Court will determine the amount to be paid by Indemnity Industrial.

■ The second issue to be examined is whether Debtors can gain sanctions against Industrial Indemnity for its alleged noncompliance with the Subpoena Duces Tecum.

According to Bankruptcy Rule 9016, Fed. R.Civ. P. 45 is to be applied regarding subpoena. Rule 45(b) provides for the production of documentary evidence and other "tangible things" through a subpoena duces tecum. Debtors had the Subpoena Duces Tecum served upon Industrial Indemnity which compelled a custodian of records of Industrial Indemnity to produce the requested documents notwithstanding any claims of privilege.

After a subpoena duces tecum is served upon a party, that party may obtain protection from the subpoena duces tecum by proceeding under Rule 45(b) and (d). Rule 45(b) states that, upon the seasonable filing of a motion, a court may "(1) quash or modify the subpoena if it is unreasonable and oppressive ..." Fed.R.Civ.P. 45(b)(1). Under Rule 45(d), the subpoena will be subject to subsection (b) and Rule 26(c). As discussed earlier, an entity served with a subpoena may move for a protective order order to excuse itself from complying with the subpoena. Fed.R.Civ.P. 26(c).

In this case, Industrial Indemnity did not seek protection from the Subpoena Duces Tecum by the prescribed methods promulgated by the Federal Rules of Civil Procedure. Instead, Industrial Indemnity objected to the scope of the Subpoena Duces Tecum and sought to limit it by its letter of June 30, 1989 to Debtors' attorney. Rule 45 does not allow such an objection to excuse a subpoenaed party from complying with the subpoena duces tecum. Therefore, Industrial Indemnity was not protected from producing all documents relating to Edward S. Honda and his relationship with Builders' Products Corporation or Industrial Indemnity.

At the deposition for the production of documents, Industrial Indemnity only produced those documents relating to Industrial Indemnity's first becoming aware of the Debtors' bankruptcy case. Thus, Industrial Indemnity did not satisfactorily comply with the Subpoena Duces Tecum. Failure by a party to comply with a subpoena duces tecum is punishable as a contempt of court. Fed.R.Civ.P. 45(f).

This Court, at this time, will deny any sanctions to be levied upon Industrial Indemnity and will afford Industrial Indemnity with the opportunity to comply with the Subpoena Duces Tecum forthwith. Industrial Indemnity must produce those documents requested by Debtors in the Subpoena Duces Tecum within seven (7) business days from the entry of this Order in order to avoid sanctions. If Industrial Indemnity fails to deliver to Debtors the requested documents within the specified time, the Debtors may renew its Motion for Sanctions, and this Court may grant sanctions against Industrial Indemnity which could result in its proof of claim being disallowed.

## ORDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Debtors' Motion for Discovery Sanctions and Disallowance of Claim by Industrial Indemnity Company be granted in part and denied in part as noted above.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Industrial Indemnity's request for attorney's fees and costs incurred in response to the Motion for Sanctions is denied.