In re L. Frank **JOHNSON, a/k/a Frank Johnson, a/k/a Leroy F. Johnson, d/b/a Johnson Farms, James Robert Johnson, a/k/a Bob Johnson, a/k/a James R. Johnson, Roy Johnson, a/k/a Frank Johnson, Jr., a/k/a Roy L. Johnson, a/k/a Roy Frank Johnson, Debtors.**

**Bankruptcy Nos. 83–00241–9P1 to 83–00243–9P1.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

April 4, 1991.

See also 101 B.R. 307.

David W. Steen, Tampa, Fla., for debtors.

## ORDER ON APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE

ALEXANDER L. PASKAY, Chief Judge.

THESE are confirmed consolidated Chapter 11 cases and the matter under consideration is the Application of Florida Georgia Tractor (Florida Georgia), a creditor in these cases, for an administrative expense pursuant to § 503(b)(3)(D) of the Bankruptcy Code. Florida Georgia seeks to have the attorney fees of Mershon, Sawyer, Johnston, Dunwody & Cole (Mershon Sawyer) and Kass, Hodges & Massari (Kass Hodges) that it incurred in these cases allowed as an administrative expense pursuant to § 503(b)(3)(D) of the Bankruptcy Code.

A brief recitation of the facts will help to put the issues into proper focus. These Chapter 11 cases have been pending in this bankruptcy court since early 1983, or for over eight years. Florida Georgia is an unsecured creditor of the Debtors' with an allowed claim of $201,386.83. In June 1986, the Debtors' Plan of Reorganization was confirmed by this Court; however, on more than one occasion, the Debtors failed to comply with the express terms of the Plan. Florida Georgia filed several Motions in this case, including Motions to compel the Debtors to perform under the Plan, and generally took an active role in this case. It is the contention of Florida Georgia that its activities constituted a "substantial contribution" in the Debtors' Chapter 11 cases, which should result in the fee Applications of Mershon Sawyer and Kass Hodges being allowed as an administrative expense pursuant to § 503(b)(3)(D) of the Bankruptcy Code.

Section 503(b)(3)(D) of the Bankruptcy Code provides as follows:

> **§ 503. Allowance of administrative expenses.**
>
> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—
>
> (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditor or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title; ....

Florida Georgia cannot be awarded the attorney fees for Mershon Sawyer and Kass Hodges as an administrative expense pursuant to § 503(b)(3)(D) because § 503(b)(3) specifically excludes as an allowable administrative expense "compensation and reimbursement specified in paragraph (4) of this subsection...." § 503(b)(3). Section 503(b)(4) of the Bankruptcy Code, in turn, provides as follows:

> **§ 503. Allowance of administrative expenses.**
>
> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
> (4) reasonable compensation for professional services rendered by an attor-

ney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant; . . . .

In order for Florida Georgia to be awarded an administrative expense for its attorney fees for Mershon Sawyer and Kass Hodges under § 503(b)(4), it must first be determined under § 503(b)(3)(D) that Florida Georgia is a creditor which made a substantial contribution in the Debtor's Chapter 11 case and thus is entitled to reimbursement of its actual, necessary expenses incurred in making that contribution. The "substantial contribution" test is no doubt a difficult test for creditors because the underlying presumption is that creditors act mainly in their own interests. *In re Jensen–Farley Pictures, Inc.*, 47 B.R. 557, 571 (Bankr.D. Utah 1985). Generally, attorneys must look to their own clients for payment of fees. *Id.* at 569. In light of the fact that there has been no determination by this Court that Florida Georgia is a creditor which made a substantial contribution to these Chapter 11 cases, this Court cannot award to Florida Georgia an administrative expense for the attorney fees it incurred pursuant to § 503(b)(4).

Florida Georgia sought as an administrative expense attorney fees for Mershon Sawyer and Kass Hodges pursuant to § 503(b)(3)(D) of the Bankruptcy Code. Although Florida Georgia failed to properly seek an administrative expense for attorney fees pursuant to § 503(b)(3)(D) and § 503(b)(4) of the Bankruptcy Code, this Court will assume that is what Florida Georgia intended, and thus will address the Application as if it were not procedurally flawed.

The term "substantial contribution" has been defined to mean "services which . . . foster and enhance, rather than retard or interrupt the progress of reorganization. . . ." *In re K–Fab, Inc.*, 118 B.R. 240,

242 (Bkrtcy.M.D.Pa.1990) (quoting *In re Paolino*, 71 B.R. 576, 579 (Bkrtcy.E.D.Pa. 1987)). The services rendered must provide a "demonstrable benefit to the debtor's estate, the creditors, and to the extent relevant, the stockholders, in order to be compensable." *In re K–Fab, Inc.*, 118 B.R. at 242 (quoting *In re Jensen–Farley Pictures, Inc.*, 47 B.R. 557, 569 (Bkrtcy.D. Utah 1985)). Services designed to mainly benefit the creditor seeking an administrative expense under § 503(b)(3)(d) and § 503(b)(4), such as those associated with pursuing a creditor's claim, are not compensable. *In re Paolino*, 71 B.R. at 579, 580 (quoting, *In re Richton International Corp.*, 15 B.R. 854, 857 (Bankr.S.D.N.Y. 1981)). Extensive participation alone in a case does not warrant an award of attorney fees as an administrative expense pursuant to § 503(b) of the Bankruptcy Code. *In re McLean Industries, Inc.*, 88 B.R. 36, 38 (Bankr.S.D.N.Y.1988).

While this Court has no doubt that Florida Georgia was very active in these Chapter 11 cases and while the activities of Florida Georgia may have rendered some benefit to the estate, they were mainly for the benefit of Florida Georgia and benefit to the estate was only incidental. *See, In re D.W.G.K. Restaurants, Inc.*, 84 B.R. 684 (Bankr.S.D.Cal.1988). For instance, the services of Kass Hodges for which Florida Georgia seeks an administrative expense include reviewing the Debtor's Plan of Reorganization, preparing proof of claims, and reviewing the file. Clearly, these services were for the exclusive benefit of Florida Georgia; they provided no demonstrable benefit to the estate and cannot be considered an administrative expense under § 503(b) of the Bankruptcy Code. Similarly, Florida Georgia seeks as an administrative expense the attorney fees for Mershon Sawyer for services such as traveling to and attending the confirmation hearing (7.8 hours); researching and planning strategy for reimbursement of attorney fees (over 20 hours); and attending conferences regarding the status of the case and the strategy of Florida Georgia. It is especially difficult to conclude that the time spent by Mershon Sawyer to seek an

administrative expense for the benefit of Florida Georgia rendered any benefit to the estate. The legal services of Mershon Sawyer were designed to benefit Florida Georgia and did not constitute a "substantial contribution" to the case and thus, the fees for these services are not administrative expenses which should be awarded to Florida Georgia pursuant to § 503(b) of the Bankruptcy Code.

The majority of the services for which Florida Georgia seeks an administrative expense were rendered by Mershon Sawyer and Kass Hodges postconfirmation. While this Court recognizes that attorneys for the Debtor may be awarded an administrative expense for postconfirmation services pursuant to § 503(b)(2) (*See In re Sultan Corp.*, 81 B.R. 599 (9th Cir. BAP 1987)), this Court has found no cases which provide for an administrative expense pursuant to § 503(b)(3)(D) and (b)(4) for attorney fees of a creditor for services performed postconfirmation. *See In re Honda*, 106 B.R. 209 (Bankr.D.Haw.1989) (petitioning creditor in Chapter 11 allowed fees and costs incurred up to the time of confirmation).

In sum, this Court is satisfied that the activities of Florida Georgia were designed to mainly benefit Florida Georgia and did not constitute a "substantial contribution" to the case and thus, the attorney fees of Mershon Sawyer and Kass Hodges do not constitute an administrative expense under § 503(b)(3)(D) and § 503(b)(4) of the Bankruptcy Code. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Application for Administrative Expense by Florida Georgia be, and the same is hereby, disapproved.

DONE AND ORDERED.