**Marco H. HOWELL, Plaintiff,**

v.

**MORVEN AREA MEDICAL CENTER, INC., Defendant.**

### No. C–C–91–0008–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

July 12, 1991.

Marco H. Howell, pro se.

William C. Capel, Jr., Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on Defendant's motion, filed June 14, 1991, for default judgment based on Plaintiff's failure to attend his deposition. Plaintiff, a pro se litigant, filed on June 28, 1991, a response to Defendant's motion.

The facts of this dispute are not contested. On May 3, 1991, Defendant sent to Plaintiff a notice of deposition indicating that it intended to depose Plaintiff on May 15, 1991 at 1:30 p.m. at the Anson County Courthouse. However, Defendant did not

file the notice of deposition with the Clerk, nor did Defendant cause a subpoena to issue to ensure Plaintiff's attendance at the deposition. On May 14, 1991, Plaintiff filed with the Clerk a response to the notice of deposition. In his response, Plaintiff stated that he would not attend the deposition because the time and place were unilaterally arranged by Defendant and were unacceptable to Plaintiff. Moreover, Plaintiff stated that the anticipated outcome of several pretrial motions would negate the necessity of the deposition.

Apparently, Defendant's counsel did not receive Plaintiff's notice of deposition prior to May 15, 1991. Therefore, Defendant's counsel was unaware that Plaintiff would not attend the deposition. After Plaintiff failed to appear for the deposition, Defendant filed the motion currently before the Court seeking the imposition of sanctions pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. In particular, Defendant requests that the Court dismiss Plaintiff's complaint and award to it the reasonable expenses, including attorney's fees, caused by Plaintiff's failure to attend the deposition.

 In response to Defendant's motion, Plaintiff primarily states that he did not attend the deposition because Defendant failed to subpoena him. Rule 30(a) of the Federal Rules of Civil Procedure provides in pertinent part that "[T]he attendance of witnesses may be compelled by subpoena as provided in Rule 45". The Court understands that Plaintiff, as a pro se litigant, may have interpreted this Rule to mean that the failure of Defendant to cause a subpoena to issue meant that he was not required to attend the deposition. Although the Federal Rules of Civil Procedure are not entirely clear about this point, a subpoena is not necessary to compel the attendance of a party to a deposition. *See In re Edward S. Honda,* 106 B.R. 209 (Bkrtcy.D.Haw.1989); *see also Peitzman v. City of Illmo,* 141 F.2d 956 (8th Cir.); *cert. denied,* 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577 (1944); *Collins v. Wayland,* 139 F.2d 677 (9th Cir.), *cert. denied,* 322 U.S. 744, 64 S.Ct. 1151, 88 L.Ed. 1576 (1944). The no-

tice for taking a deposition is sufficient to compel the attendance of a witness who is a party to the action. *See In re Edward S. Honda,* 106 B.R. 209 (D.Haw.).

In this case, the notice of deposition which Plaintiff admits to receiving complies with the notice provision contained in Rule 30(b) of the Federal Rules of Civil Procedure. Therefore, the Court believes that Defendant complied with the Rule and that Plaintiff should have attended the deposition. Nonetheless, Defendant was aware that Plaintiff was a pro se litigant. A prudent course of action by Defendant would have been to serve Plaintiff with a subpoena to ensure his attendance at the deposition.

 It appears from the record that Defendant was more interested in using Plaintiff's failure to attend as a means of getting the complaint dismissed rather than proceeding with the merits of this case. Therefore, the Court will not grant Defendant's motion to dismiss. Furthermore, the Court will not award to Defendant its expenses which appear to be unreasonable. The Court finds the failure of Plaintiff to attend was justified based on the lack of clarity in the Rules regarding the issuance of subpoenas for parties. Accordingly, the award of expenses pursuant to Rule 37(d) of the Federal Rules of Civil Procedure is not warranted or justified in this case.

The Court will direct Plaintiff to attend his deposition after receiving a renewed notice from Defendant. The Court has given Plaintiff the benefit of the doubt. Technically, Plaintiff was in violation of the Rules of discovery. Moreover, the tone of Plaintiff's response concerns the Court. The Court gets the impression that Plaintiff believes he is not required to attend his deposition if he believes he will be successful in bringing certain pretrial motions. This assumption is false. Plaintiff should be prepared to attend his next deposition regardless of the status of pretrial motions. Defendant is entitled to depose Plaintiff to discover essential facts necessary for this case to proceed in an efficient manner. Resistance from Plaintiff to attend the next scheduled deposition may result in the

imposition of sanctions including the dismissal of this action.

NOW, THEREFORE, IT IS ORDERED that Defendant's motion for default judgment based on Plaintiff's failure to attend his deposition be, and hereby is, DENIED. Plaintiff is directed to attend his deposition after receiving a renewed notice from Defendant. The failure of Plaintiff to comply with this directive may result in the imposition of sanctions including the dismissal of the complaint.

IT IS FURTHER ORDERED that Defendant's motion for the award of expenses pursuant to Rule 37(d) of the Federal Rules of Civil Procedure be, and hereby is, DENIED.