**In re John W. WOODHALL and Valleda Woodhall, Debtors.**

**Bankrtupcy No. B–91–07566–PHX–GBN.**

United States Bankruptcy Court, D. Arizona.

June 12, 1992.

Schedules are frequently amended. Unsecured creditors, debtors believe, are not entitled to an award of fees incurred in pursuing their claims. Finally, debtors complain applicant is seeking compensation for three different attorneys to attend meetings and prepare fee applications. Such representation is not necessary under 11 U.S.C. § 503(b).

The United States Trustee comments that the papers do not substantiate applicant made a significant contribution to this Chapter 11 case. In reply, Wadsworth insists it forced debtors to comply with disclosure requirements, producing information for the benefit of all creditors.

Paul G. Johnson, Sacks, Tierney & Kasen, P.A., Phoenix, Ariz., for Wadsworth Golf Const. Co.

Thomas K. Chenal, Mohr, Hackett, Pederson, Blakley, Randolph & Haga, P.C., Phoenix, Ariz., for debtors.

Paul A. Randolph, Phoenix, Ariz., Atty. Advisor to U.S. Trustee.

## MEMORANDUM OF DECISION

GEORGE B. NIELSEN, Jr., Bankruptcy Judge.

Creditor Wadsworth Golf Construction Co. ("Wadsworth") has requested an administrative claim of $1,361.00, for legal services.

### I

Applicant's position is that Wadsworth required debtors to file complete, accurate statements and schedules, and questioned debtors to inform creditors as to estate assets and liabilities. This allegedly constitutes a substantial contribution to administration, which directly benefited the estate.

Debtors deny that a substantial contribution was made. Wadsworth is seeking fees for attending continued § 341 meetings, reviewing debtors' schedules and statements and preparing an attorneys' fee application. Debtors point out every party who attends a creditors' meeting discovers information.

### II

Under § 503(b)(3)(D), a creditor who makes a substantial contribution to a Chapter 11 case may recover an administrative expense. Section 503(b)(4) authorizes compensation for legal services allowable under § 503(b)(3). *Andrew v. Coopersmith (In re Downtown Investment Club III)*, 89 B.R. 59, 64 (Bankr. 9th Cir.1988). Otherwise, creditor participation is discouraged. *Id.*

The principal test for determining whether a compensable contribution has been made is the extent of benefits to the estate. *Christian Life Center Litigation Defense Committee v. Silva (In re Christian Life Center)*, 821 F.2d 1370, 1373 (9th Cir.1987). Services that substantially contribute to a case foster, rather than retard, the reorganization. Services provided solely for the creditor, such as prosecuting a creditor's claim, are not compensable. Compensable services are those which facilitate progress of the case. *In re K–Fab, Inc.*, 118 B.R. 240, 242 (Bankr.M.D.Pa. 1990).

Compliance with the substantial contribution test is difficult. The presumption is that creditors act mainly in their own interests. *In re Johnson*, 126 B.R. 808, 810 (Bankr.M.D.Fla.1991). As a result, attorneys usually must look to their own clients for fees. Extensive partic-

ipation alone does not warrant an award of fees as an administrative claim. *Supra.*

 Attending § 341 meetings, reviewing debtors' statements and schedules and preparing fee applications is not activity which constitutes a substantial contribution within the meaning of § 503(b)(3)(D). These are activities performed by a creditor's attorney for the benefit of that creditor.

*In re McLean Industries*, 88 B.R. 36, 39 (Bankr.S.D.N.Y.1988), found the creditor made a real contribution by raising an initial objection to a stock sale, prompting others to participate. As a result, the initial bid of $350,000 increased to $1.5 million. 88 B.R. at 37–38. By contrast, *In re Johnson*, 126 B.R. 808, 811 (Bankr. M.D.Fla.1991), denied an administrative claim when creditor's efforts were mainly for the benefit of that party. The benefit to the estate was only incidental. Alleged administrative services in that case included preparation of a proof of claim and review of the plan and disclosure statement. *Supra,* at 810–11.

 In the present case, Wadsworth argues the first meeting of creditors was continued three times because debtors refused to follow disclosure requirements. Wadsworth states it attended all four meetings and pressed debtors to provide additional information. The information appeared, following four meetings and two sets of amendments to the schedules. The estate, applicant argues, benefited because the information benefits all creditors.

### III

Regrettably, Wadsworth did not provide a transcript of the § 341 meetings, outline what debtor disclosure was inadequate or what information its efforts provided to creditors. This Court is left to speculate about the nature and scope of the creditor's contribution. Absent this supporting information, it is not possible to determine whether the alleged contributions were important. Accordingly, based on the creditor's failure to support fully its requests, the application is denied. The objections to the administrative claim by debtors and the United States Trustee are sustained.